**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| TY INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>POP MART AMERICAS INC.,<br><br>                              Defendant. | Case No.  _____<br><br><br>(DEMAND FOR JURY TRIAL) |

## COMPLAINT

Plaintiff, TY INC. ("Plaintiff" or "Ty"), by and through its undersigned counsel, UB Greensfelder LLP, hereby brings the present action against Defendant POP MART AMERICAS INC. ("Defendant" or "Pop Mart"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin and unfair competition arising under 15 U.S.C. § 1125(a), (c) trademark dilution arising under 15 U.S.C. § 1125(c), (d) violation of Illinois Consumer Fraud and Deceptive Business Practices Act under ILCS 505/2, and (e) common law trademark infringement under Illinois law. Ty seeks damages, injunctive and other relief.

## THE PARTIES

2.     Ty is a Delaware corporation with its principal place of business in Westmont, Illinois. Ty is a leading manufacturer of plush toys.

3.     Ty is informed and believes, and thereon alleges, that Defendant Pop Mart is a corporation organized and existing under the laws of the state of Delaware with a principal place of business located at 3534 Hayden Ave., Culver City, California 90232. Ty is informed and

believes that Defendant Pop Mart is a subsidiary of Pop Mart International Group, headquartered at Block A, Posco Center, Hongtai East Street, Chaoyang District, Beijing, China.

## JURISDICTION AND VENUE

4.      Pop Mart is subject to personal jurisdiction in Illinois because, among other things, they transact business within the state (either directly or through the stream of commerce) and Ty incurred injuries in Illinois as a result of Pop Mart's violation(s) of Ty's rights under U.S. trademark laws.  Further, upon information and belief, Pop Mart owns, uses, or possesses real property in at least Chicago, Rosemont, Schaumburg, and Oak Brook, Illinois.

5.      This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116(a) and 1121(a), and 28 U.S.C. §§ 1331 and 1338 over the claims arising under the laws of the United States. This court also has jurisdiction over the subject matter of this action because it arises under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, and subject matter jurisdiction is conferred expressly by 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Pop Mart under the Illinois long-arm statute, 735 ILSC § 5/2-209, because Pop Mart regularly conducts and solicits business, engages in other persistent courses of conduct, and derives substantial revenue from goods used or consumed or services rendered in Illinois; and Ty's claims arise out of Pop Mart (1) transacting business in Illinois, (2) causing tortious injury by acts in Illinois, and (3) causing tortious injury in Illinois.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)-(d).

## STATEMENT OF FACTS

### Ty's Federal Trademark Registration for its Beanies Marks

8.      Ty brings this action against Pop Mart for (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin and unfair competition arising under 15 U.S.C. § 1125(a), (c) trademark dilution arising under 15 U.S.C. § 1125(c), (d) violation of Illinois Consumer Fraud and Deceptive Business Practices Act under ILCS 505/2, and (e) common law trademark infringement under Illinois law.

9.      Ty has been a staple of the plush toy industry for over 30 years. Ty is a well-known and world-famous manufacturer and retailer of plush toys.

10.      Ty is the owner and manufacturer of a line of plush toys sold under its registered trademarks BEANIES®, BEANIE BABIES®, BEANIE BOOS®, BEANIE BELLIES®, and BEANIE BOUNCERS® ("Beanies Products"). Ty's Beanies Products have enjoyed substantial success and are protected by various intellectual property rights owned by Ty.

11.      Ty has marketed and sold its high-quality plush toys in connection with its registered BEANIES®, BEANIE BABIES®, BEANIE BOOS®, BEANIE BELLIES®, and BEANIE BOUNCERS® trademarks (the "Beanies Marks"). Since Ty began using the Beanies Marks, its use of the marks in connection with plush toys has been continuous and exclusive.

12.      Over the years Ty has invested a considerable amount of time and money in establishing the Beanies Marks in the minds of consumers as a source of high-quality plush toys. As a result of Ty's substantial use and promotion of the Beanies Marks in connection with plush toys, the Beanies Marks have acquired great value as a specific identifier of Ty's products and serve to distinguish Ty's Beanies Products from that of others. Customers in this judicial district and elsewhere readily recognize the distinctive Beanies Marks and their designated origin as one

3

of Ty's Beanies Products. The Beanies Marks are an intellectual property asset of great value and a symbol of Ty's quality products and goodwill.

13.     Ty is the owner of Trademark Registration No. 3,451,670 with the U.S.P.T.O. for the BEANIES® mark. Trademark Registration No. 3,451,670 for the BEANIES mark was registered with the U.S.P.T.O. on June 24, 2008. Trademark Registration No. 3,451,670 is associated with the following goods: plush toys and wholesale online store services featuring plush toys.

14.     Ty is the owner of Trademark Registration No. 2,049,196 with the U.S.P.T.O. for the BEANIE BABIES® mark. Trademark Registration No. 2,049,196 for the BEANIE BABIES mark was registered with the U.S.P.T.O. on April 1, 1997. Trademark Registration No. 2,049,196 is associated with the following goods: plush toys.

15.     Ty is the owner of Trademark Registration No. 5,396,599 with the U.S.P.T.O. for the BEANIE BOOS® mark. Trademark Registration No. 5,396,599 for the BEANIE BOOS mark was registered with the U.S.P.T.O. on February 6, 2018. Trademark Registration No. 5,396,599 is associated with the following goods: plush toys; soft sculpture plush toys; stuffed and plush toys; stuffed toy animals; stuffed toy bears.

16.     Ty is the owner of Trademark Registration No. 7,069,910 with the U.S.P.T.O. for the BEANIE BELLIES® mark. Trademark Registration No. 7,069,910 for the BEANIE BELLIES mark was registered with the U.S.P.T.O. on May 30, 2023. Trademark Registration No. 7,069,910 is associated with the following goods: plush toys.

17.     Ty is the owner of Trademark Registration No. 7,932,746 with the U.S.P.T.O. for the BEANIE BOUNCERS® mark. Trademark Registration No. 7,932,746 for the BEANIE BOUNCERS mark was registered with the U.S.P.T.O. on September 2, 2025. Trademark

Registration No. 7,932,746 is associated with the following goods: Bean bags; Plush toys; Soft sculpture plush toys; Soft sculpture toys; Stuffed and plush toys; Stuffed toy animals; Stuffed toy bears; Stuffed toys; Teddy bears; Toy Stuffed animals; Toys, namely, bean bag animals.

18.     A true and correct copy of the certificates of registration for Trademark Registrations Nos. 3,451,670, 2,049,196, 5,396,599, 7,069,910, and 7,932,746 are attached hereto as **Exhibit 1.**  Trademark Registrations Nos. 3,451,670, 2,049,196, 5,396,599, 7,069,910, and 7,932,746 for the Beanies Marks are valid, subsisting, and in full force and effect. Ty's Beanies Marks have been continuously used and have never been abandoned.

19.     Ty's rights in its registered BEANIES®, BEANIE BABIES®, and BEANIE BOOS® trademarks have become incontestable pursuant to 15 U.S.C. § 1065. Ty's filed Section 15 Declarations have been accepted by the USPTO for each of its registered BEANIES®, BEANIE BABIES®, and BEANIE BOOS® trademarks. As Ty's BEANIES®, BEANIE BABIES®, and BEANIE BOOS® trademarks have become incontestable, this serves as conclusive evidence of Ty's exclusive right to use these marks in commerce for the goods listed in the marks' respective registrations. The BEANIES®, BEANIE BABIES®, and BEANIE BOOS® marks are Ty's core trademarks that provide essential, recognizable identifiers for Ty's fundamental goods.

20.     The registration of Ty's Beanies Marks constitutes *prima facie* evidence of their validity and of Ty's exclusive right to use its Beanies Marks pursuant to 15 U.S.C. § 1057(b).

### Pop Mart's Advertising, Marketing and Selling of Infringing Products

21.     Without permission or consent from Ty, Pop Mart offered for sale, distributed, marketed, sold, and/ or are continuing to sell infringing products under the Beanies Marks ("Infringing Products") on its website (https://www.popmart.com/us), on third-party e-commerce platforms such as Amazon, and in its retail stores to consumers in this judicial district.  For

example, Pop Mart has used the Beanies Marks in connection with the sale of Pop Mart's

Infringing Products on at least the following products:

**Pucky Beanie Bubble Up Series**
(In the product name and on the packaging box)



**Pucky Beanie Flying Babies Series Plush Pendant**
(In the product name, on the packaging box and on the keychain ring)



## Pucky Egg Beanie Series Figurine, Plush, and Accessories
(In the product name, on the packaging, products, and on the identity cards)










 

**Pucky Poko's Adventure Series Figures**
(On the identity card)



**Pucky Poko the Beanie Farmer**
(In the product name and on the packaging box)



**Pucky Animal Beanies Series**
(In the product name and on the packaging boxes)



22.     Pop Mart, without permission from Ty, has sold Infringing Products under the

Beanies Marks in this judicial district.

9

23.     Additionally, without permission or consent from Ty, Pop Mart marketed and/or advertised another toy under the Beanies Marks. For example, Pop Mart has used the Beanies Marks in connection marketing and advertising of Pop Mart's infringing toy for at least the following product:

**<u>Pucky Beanie Flying Babies Series</u>**



24.     The Infringing Products were marketed as products for use by children, similar to Ty's Beanies Products.

25.     Ty's business reputation and goodwill has been damaged by Pop Mart's offer to sell and/or sales of the Infringing Products, which were being marketed as children's products.

26.     Pop Mart did not begin using the Beanies Marks in connection with its Infringing Products until long after Ty began using the Beanies Marks and until after the Beanies Marks became famous.

27.     Ty is informed and believes, and on that basis alleges, that Pop Mart's unauthorized use of the Beanies Marks is intended to trade upon the goodwill and substantial recognition associated with Ty and the Beanies Marks.

28.     Ty is informed and believes, and on that basis alleges, that Pop Mart use the Beanies Marks in an attempt to associate its Infringing Products with Ty and the Beanies Marks, to cause mistake or deception as to the source of Pop Mart's Infringing Products and/or to otherwise trade upon Ty's valuable reputation and customer goodwill in its Beanies Marks.

29.     Ty is informed and believes, and on that basis alleges, that Pop Mart's use of its Beanies Marks is designed to cause confusion, mistake, or deception.

30.     By virtue of the acts complained of herein, Pop Mart creates a likelihood of injury to Ty's business reputation, causes a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Ty's and Pop Mart's goods, causes actual confusion, and otherwise competes unfairly with Ty by unlawfully trading on and using the Beanies Marks without Ty's permission or consent.

31.     At no time has Ty ever given Pop Mart license, permission, or authority to use or display the Beanies Marks in connection with any of Pop Mart's Infringing Products.

32.     Ty is informed and believes, and on that basis alleges, that Pop Mart's acts complained of herein are willful and deliberate.

33.     Pop Mart's acts complained of herein have caused Ty to suffer irreparable injury to its business.  Ty will suffer substantial loss of goodwill and reputation unless and until Pop Mart is permanently enjoined from its wrongful actions complained of herein.

**Ty's Cease and Desist Letter and Pop Mart's Ongoing Infringement**

34.     On October 30, 2025, Ty informed Pop Mart by letter of Pop Mart's Infringing Products and of Ty's ownership and prior use. A true and correct copy of Ty's October 30, 2025 cease and desist letter is attached hereto as **Exhibit 2**. On November 4, 2025, Pop Mart's legal counsel confirmed receipt of Ty's cease and desist letter. On November 10, 2025, Pop Mart

expressed an interest in selling off its remaining inventory of Infringing Products. Ty is informed and believes that Pop Mart currently advertises, offers for sale, and sells its products on its Shopify-powered website, Amazon, AliExpress, TikTok Shop, Shopee, WeChat, Tmall, Taobao, WhatNot and other or e-commerce third-party platforms. Pop Mart is currently selling some of its Infringing Products on Amazon. Website captures of Pop Mart currently offering for sale its Pucky Beanie Bubble Up Series and Pucky Egg Beanie Series on Amazon are attached hereto as **Exhibit 3**.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(Federal Trademark Infringement)**
**(15 U.S.C. § 1114)**

35.     Ty repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

36.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

37.     Pop Mart uses in commerce, without Ty's permission, reproductions, copies or colorable imitations of the Beanies Marks in connection with distributing, selling, offering for sale, advertising, and/or promoting Pop Mart's Infringing Products.

38.     Without Ty's permission, Pop Mart reproduces, copies, or colorably imitates the Beanies Marks and applies such reproductions, copies, or colorable imitations to merchandise, labels, signs, packages, receptacles or advertisements intended to be used in commerce upon or in connection with the distributing, selling, offering for sale, advertising and/or promoting of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

39.     Ty is informed and believes, and on that basis alleges, that Pop Mart's activities complained of herein constitute willful and intentional infringements of the Beanies Marks, and that Pop Mart does so with the intent to unfairly compete against Ty, to trade upon Ty's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive

the public into believing that Pop Mart's Infringing Products were associated with, sponsored by, originated from, or are approved by Ty, when in truth and fact they are not.

40.     Upon information and belief, Pop Mart also deceives unknowing consumers by using Ty's Beanies Marks without authorization within the content, text, images and/or meta tags of their website in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for genuine Beanies Products.

41.     Additionally, upon information and belief, Pop Mart uses other unauthorized search engine optimization (SEO) tactics, targeted Google and Meta Ads, and social media spamming so that listings of Pop Mart's products on its website and on third-party e-commerce platforms show up at or near the top of relevant search results and misdirect consumers searching for genuine Beanies Products.

42.     Ty is informed and believes, and thereon alleges, that Pop Mart derives and receives gains, profits, and advantages from the use of the Beanies Marks in an amount that is not presently known to Ty.  By reason of Pop Mart's actions, constituting unauthorized use of the Beanies Marks, Ty has been damaged and is entitled to monetary relief in an amount to be determined at trial.

43.     Due to Pop Mart's actions, constituting unauthorized use of the Beanies Marks, Ty has suffered great and irreparable injury, for which Ty has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Federal False Designation of Origin and Unfair Competition)
### (U.S.C. § 1125(a))

44.     Ty repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

45.     This is a claim for false designation of origin and unfair competition arising under 15 U.S.C. § 1125(a).

46.     Without Ty's consent, Pop Mart creates a false designation of origin by using in commerce the Beanies Marks and/or other marks confusingly similar to the Beanies Marks in connection with the distribution, sale, offering for sale, advertising, and/or promotion of Pop Mart's Infringing Products, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with Ty or to suggest Ty as the origin of the goods and/or services, or that Ty has sponsored or approved Pop Mart's commercial activities.

47.     Ty is informed and believes, and on that basis alleges, that Pop Mart acts with the intent to unfairly compete against Ty, to trade upon Ty's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Pop Mart's Infringing Products are associated with, sponsored by or approved by Ty, when they were not.

48.     Pop Mart had knowledge of Ty ownership and prior use of the Beanies Marks, and without the consent of Ty, has willfully committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

49.     Ty is informed and believes, and thereon alleges, that Pop Mart derives and receives gains, profits, and advantages from Pop Mart's false designation of origin in an amount that is not presently known to Ty.  By reason of Pop Mart's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Ty has been damaged and is entitled to monetary relief in an amount to be determined at trial.

50.     Due to Pop Mart's actions, constituting false designation of origin, Ty has suffered great and irreparable injury, for which Ty has no adequate remedy at law.

51.     Furthermore, Pop Mart's aforesaid acts are likely cause confusion, mistake and/or deception as to the source, origin, sponsorship or approval by Ty of Pop Mart's Infringing Products, and likely cause deception as to the affiliation, connection, or association of Pop Mart's products with Ty. Purchasers or others likely believed that Pop Mart's products originate with Ty, are licensed by Ty, are sponsored by, are connected with, or are related to Ty.  Pop Mart's unauthorized use of the Beanies Marks falsely represents Pop Mart's products as being legitimately connected with Ty, and places beyond Ty's control its reputation for products of the highest quality.

52.     Pop Mart's aforesaid acts invite and enable Pop Mart's customers, and the wholesalers, distributors, and retailers of Pop Mart's customers, to misrepresent and to deceptively advertise, market, display, and promote the products of Pop Mart as emanating from Ty, or from an entity legitimately connected with Ty, and to substitute and to pass off the Pop Mart's products for the products of Ty.

53.     Pop Mart, in their advertising and promotion of products incorporating the Beanies Marks, misrepresent the nature, characteristics, qualities, and/or origin of its Infringing Products.

54.     By virtue of their aforementioned acts, Pop Mart has violated Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).  Pop Mart's aforesaid acts greatly and irreparably damaged Ty, could damage Ty again in the future unless restrained by this Court, and Ty is without an adequate remedy at law.

55.     As a result of the foregoing, Ty has lost profits and Pop Mart has been unjustly enriched.  In addition, Pop Mart's actions have been extraordinary, entitling Ty to attorneys' fees and cost of suit, and to such other and further relief as the Court shall deem appropriate.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)
### (15 U.S.C. § 1125(c))

56.     Ty repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

57.     This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

58.     The products sold by Ty under the Beanies Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

59.     Ty's products sold under the Beanies Marks, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as high quality products, which are sold under excellent merchandising and customer service conditions.  As a result, the Beanies Marks, and the goodwill associated therewith, are of great value to Ty.

60.     By virtue of the wide renown acquired by the Beanies Marks, coupled with the national and international distribution and extensive sale of various products distributed under the Beanies Marks, each of the Beanies Marks is famous, and became so prior to Pop Mart's acts complained of herein.

61.     Pop Mart's unauthorized commercial use of the Beanies Marks in connection with the advertisement, offering for sale and sale of Pop Mart's Infringing Products has caused dilution of the distinctive quality of the famous Beanies Marks.

62.     Pop Mart's acts are likely to blur, tarnish, injure, or trade upon Ty's business, reputation or goodwill, and to deprive Ty of the ability to control the use of its Beanies Marks and quality of products associated therewith.

63.     Ty is informed and believes, and on that basis alleges, that Pop Mart's dilution has been willful and deliberate.

64.     By reason of the aforesaid acts constituting trademark dilution, Ty has been damaged and is entitled to monetary relief in an amount to be determined at trial.

65.     Due to Pop Mart's actions, constituting trademark dilution, Ty has suffered great and irreparable injury, for which Ty has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(Violation of Illinois Consumer Fraud and Deceptive Business Practices Act)**
**(ILCS 505/2)**

66.     Ty repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

67.     Pop Mart has engaged in acts further violating Illinois law including, but not limited to, use of deceptively and confusingly similar imitations of the Beanies Marks, as described above, which constitutes unfair methods of competition and unfair and deceptive acts and practices.  By virtue of these acts, Pop Mart employed deception, fraud, false pretense, false promise, misrepresentation and concealment, and suppression and omission of material facts, with the intent that others rely upon the concealment, suppression and omission of such material facts.

68.     Pop Mart's use of confusingly and deceptively similar imitations of the Beanies Marks is willful and intentional, with the intention of deceiving the public as to the source of Pop Mart's goods and services.

69.     The foregoing acts of Pop Mart constitute a willful violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

70.     Ty has no adequate remedy at law, and Pop Mart's conduct has caused Ty to suffer monetary damage and damage to its reputation and goodwill.  Unless enjoined by the Court, Ty will suffer future irreparable harm as a direct result of Pop Mart's unlawful activities.

71. As a result of the foregoing, Ty has lost profits and Pop Mart has been unjustly enriched. In addition, Pop Mart's actions have been extraordinary, entitling Ty to attorneys' fees and cost of suit, and to such other and further relief as the Court shall deem appropriate.

### FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

72. Ty repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

73. The use by Pop Mart of the Beanies Marks in connection with the manufacture, sale, offering for sale and distribution of competing products, including in Illinois, is not authorized by Ty.

74. Pop Mart's acts constitute common law trademark infringement. Pop Mart's acts cause a likelihood of confusion, deception and mistake by buyers, the consuming public and the trade. Pop Mart's acts create a likelihood that a false and unfair association or affiliation will be made between Pop Mart and Pop Mart's Infringing Products, on the one hand, and Ty and Ty's Beanies Products, on the other hand, so that buyers in the trade and the purchasing public are likely to believe that Pop Mart's products were produced or sponsored by Ty.

75. Pop Mart's acts are committed intentionally, maliciously, fraudulently, and willfully for the purposes of deceiving buyers into purchasing Pop Mart's Infringing Products based on the false belief that such merchandise was a Ty product, and with the specific intent to appropriate to itself and to employ for their own benefit the valuable goodwill and business reputation represented by the Beanies Marks. This is especially true given that Pop Mart uses the Beanies Marks in product names, on packaging boxes, on keychain rings, on physical products, and/or on identity cards of Infringing Products, which directly infringed upon Ty's Beanies Marks in this judicial district.

76.     Pop Mart's acts have caused and, if allowed to continue, will continue to cause Ty to suffer substantial damages and irreparable injury for which Ty has no adequate remedy at law.

77.     As a result of the foregoing, Ty has lost profits and Pop Mart has been unjustly enriched.  In addition, Pop Mart's actions have been extraordinary, entitling Ty to attorneys' fees and cost of suit, and to such other and further relief as the Court shall deem appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ty prays for judgment in its favor against Pop Mart for the following relief:

1.     That the Beanies Marks be deemed valid and willfully infringed by Pop Mart in violation of 15 U.S.C. § 1114, et seq.;

2.     A permanent injunction against Pop Mart, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Pop Mart, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    a.     using to market, advertise, promote, sell, offer for sale, and/or identify Pop Mart's goods with the Beanies Marks or any mark that is confusingly similar to the Beanies Marks or is likely to create the erroneous impression that Pop Mart's goods originate from Ty, are endorsed by Ty, or are connected in any way with Ty;

    b.     manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing any of the Beanies Marks and/or any confusingly similar marks;

    c.     otherwise infringing or diluting the Beanies Marks and/or any of Ty's other trademarks;

        d.      falsely designating the origin of Pop Mart's goods;

        e.      unfairly competing with Ty in any manner; or

        f.      causing a likelihood of confusion or injuries to Ty's business reputation;

3.      That Pop Mart be directed to file with this Court and serve on Ty within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Pop Mart has complied with the injunction pursuant to 15 U.S.C. § 1116;

4.      That, because of the exceptional nature of this case resulting from Pop Mart's deliberate infringing actions, this Court award to Ty all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

5.      That Pop Mart be required to account for and disgorge any and all profits derived by its acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint;

6.      That Ty be awarded damages for Pop Mart's trademark infringement pursuant to 15 U.S.C. § 1117 in the form of Pop Mart's profits, damages sustained by Ty and the costs of the action, together with prejudgment and post-judgment interest;

7.      That Pop Mart's acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this complaint be deemed willful, and that Ty be entitled to enhanced damages;

8.      That Pop Mart be adjudged to have acted with willful intent to trade on Ty's reputation and to dilute the famous Beanies Marks in violation of 15 U.S.C. § 1125(c), et seq.;

9.      That an accounting be ordered to determine Pop Mart's profits resulting from its infringement, unfair competition, dilution, and false designation of origin, and that Ty be awarded

monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy, including:

        a.     all profits received by Pop Mart from sales and revenues of any kind made as a result of its infringing actions;

        b.     all damages sustained by Ty as a result of Pop Mart's acts of infringement, unfair competition, false designation of origin, and dilution; and

        c.     punitive damages stemming from Pop Mart's willful, intentional, and malicious acts.

10.     That such damages and profits be trebled and awarded to Ty pursuant to 15 U.S.C. § 1117;

11.     That Ty recover exemplary damages;

12.     That Ty have and recover the costs of this civil action, including reasonable attorneys' fees;

13.     An award of pre-judgment and post-judgment interest and costs of this action against Pop Mart; and

14.     Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff Ty demands a trial by jury for all issues so triable.

Dated: January 15, 2026                Respectfully submitted,

                                 By:    /s/ Scott E. Rogers
                                      Scott E. Rogers
                                      Kara E.F. Cenar
                                      S. Patrick McKey
                                      Brett J. Geschke
                                      UB Greensfelder LLP

200 West Madison Street, Suite 3300
Chicago, Illinois 60606
(312) 658-6558 Telephone
srogers@ubglaw.com
kcenar@ubglaw.com
pmckey@ubglaw.com
bgeschke@ubglaw.com

*Attorneys for Plaintiff Ty Inc.*